IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RHEA WALSTON             :
                         :
v.                       :    Civil No. WMN-05-2782
                         :
CITY OF CRISFIELD, <u>et al.</u>  :
                         :

<u>MEMORANDUM</u>

Before the Court is the motion of Defendants, City of Crisfield and Clarence Bell, to dismiss the amended complaint, or in the alternative, for summary judgment.  Paper No. 8. Plaintiff, Rhea Walston, has opposed the motion and Defendants have replied.  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendants' motion will be granted.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was employed as a dispatcher by the City of Crisfield Police Department from May 2000 to her termination on June 1, 2004.  Compl. ¶ 6.  Clarence Bell, the Chief of Police, was Plaintiff's boss.  Plaintiff alleges that from April 2004 to May 29, 2004, she made several complaints to her supervisor, Bernice Evans, Chief Administrative Clerk, concerning the working conditions within the Police Department since Defendant Bell had become Chief.  <u>Id.</u> ¶ 9.  Plaintiff allegedly questioned "why scheduling, hours to be worked, and various duty assignments were being modified by Bell."  <u>Id.</u> ¶ 10.  Plaintiff along with other

employees had a meeting with Bell concerning these issues, after which Bell allegedly "advised [Plaintiff] that he believed she was the ring leader of the problems that were occurring concerning the personnel matters." Id. ¶ 11. Plaintiff alleges that she was terminated from her employment on June 1, 2004, without a stated cause. Id. ¶ 13. Defendants claim that on October 29, 2003, Chief Bell issued a memorandum to all dispatchers stating the necessity to log in officers when they arrived at the station and that Plaintiff's termination was a result of her failure to log in officers. Opp'n 2.

Plaintiff appealed her termination to the City Council, which held a hearing and subsequently upheld her termination. Compl. ¶ 17. Plaintiff filed suit in this Court on October 11, 2005, alleging seven different counts: free speech and procedural and substantive due process under both the United States Constitution and the Maryland Declaration of Rights; and deprivation of Constitutional rights under 42 U.S.C. § 1983. On October 24, 2005, Defendants filed the motion presently before the Court.

**II. STANDARD OF LAW**

A court considers only the pleadings when deciding a motion to dismiss. If matters outside the pleadings are presented and not excluded, the motion must be considered under the summary judgment standard of Fed. R. Civ. P. 56. See Villeda v. Prince

2

George's County, MD., et al., 219 F. Supp. 2d 696, 698 (D. Md. 2002).  In this case, the parties have submitted matters outside the pleadings and the Court has considered these matters. Defendants' motion shall be considered a motion for summary judgment and decided accordingly.

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For purposes of summary judgment, a dispute about a fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if, when applied to the substantive law, it affects the outcome of litigation.  Id.

A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's cause of action which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant demonstrates there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence which demonstrates that a triable issue of fact exists for trial.

Id. at 324.   The non-moving party is entitled to have "all reasonable inferences . . . drawn in its respective favor." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129 (4th Cir. 1987).

## III. DISCUSSION

### A.   Free Speech Claim

"The determination whether a public employer has properly discharged an employee for engaging in speech requires 'a balance between the interest of the [employee], as a citizen, in commenting upon matters of public concerns and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" Rankin v. McPherson, 483 U.S. 378, 384 (1987) (citing Pickering v. Board of Education, 391 U.S. 563, 568 (1968)).   "The threshold question in applying this balancing test is whether [the employee's] speech may be 'fairly characterized as constituting speech on a matter of public concern.'" Id. (citing Connick v. Myers, 461 U.S. 138, 146 n.7 (1983)).   Speech on a matter of public concern consists of "employee expression [that can be] fairly considered as relating to any matter of political, social, or other concern to the community." Connick, 461 U.S. at 146.   "'Personal grievances, complaints about conditions of employment, or expressions about other matters of personal interest' fall outside the First Amendment because they are not matters of

public concern." <u>Love-Lane v. Martin</u>, 355 F.3d 766, 776 (4th Cir. 2004) (citing <u>Stroman v. Colleton County Sch. Dist.</u>, 981 F.2d 152, 155-56 (4th Cir. 1992)).   The pertinent inquiry is whether the actor is speaking as a citizen or an employee. <u>Connick</u>, 461 U.S. at 147.

     Plaintiff alleges that her employment was terminated because she complained about "the working conditions within the Police Department," specifically, she "questioned why scheduling, hours to be worked and various duty assignments were being modified by [Chief] Bell."   Compl. ¶¶ 9-10.   Plaintiff contends that her complaints involved matters of public concern in that they concerned the "efficiency of dispatching acts of crime and emergencies to the officers at the police department."   Opp'n 8. Defendants argue that Plaintiff's speech constituted, as Plaintiff herself states, complaints about conditions of employment.   Reply 1; Compl. ¶ 9.   This Court finds that Plaintiff's speech pertained only to workplace issues.    The statements made by Plaintiff fall outside the First Amendment because they are not matters of public concern.   <u>Love-Lane</u>, 355 F.3d at 776.   The Court finds that Plaintiff was speaking as an employee and her complaints concerning personnel issues are thus not protected by the First Amendment.[1]

_____

     [1] Plaintiff cites to a Tenth Circuit case for the proposition that "allegations of waste and inefficiency are matters of public concern where the workplace itself [is] a

B.  Procedural Due Process Claim

Plaintiff contends that she "possessed occupational liberty interests in her position with Defendants."  Compl. ¶ 8; Opp'n 3. "The government impairs an employee's occupational liberty interest, if, in the course of discharging [her], it injures the employee's good name, reputation, honor or integrity, or imposes a stigma that effectively forecloses' the employee's future employment opportunities.  To state a claim for deprivation of occupational liberty, [Plaintiff] must allege that: [s]he was discharged, [s]he was stigmatized by Defendants, Defendants publicly disclosed the stigmatizing information incident to the discharge and [s]he suffered a tangible loss of employment opportunities as a result."  Newton v. Chicago Sch. Reform Bd. of Trustees, 1997 U.S. Dist. LEXIS 14838, *17-18 (D. Ill. 1997) (internal citations and quotations omitted).  Plaintiff does not allege the elements of this claim and, as such, the claim must fail.

If the Court were to construe Plaintiff's contention that

---

public institution or governmental agency."  Opp'n 8 (citing Schalk v. Gallemorem, 906 F.2d 491 (10th Cir. 1990)).  Schalk, however, involved allegations of wasteful hospital practices made to public officials elected to oversee the efficiency of the hospital.  In determining that Schalk's complaints pertained to more than workplace issues and were of public concern, the Schalk court relied heavily upon the fact that Schalk did not address her complaints to a supervisor or a co-worker.  In the present case, however, Plaintiff's comments were made to her supervisor.

under the City Policies she could only be discharged for cause as an argument that she had a property interest in her employment, the claim would still fail.  Plaintiff argues that  under the "Personnel Policies and Procedures" of the City of Crisfield (City Policies) she could only be fired for cause.  Opp'n 3. Section 17 of the City Policies sets forth fifteen activities for which the City has the authority to pursue disciplinary actions against an employee; termination is one of the listed disciplinary actions.  The provision specifically states that, "[t]his policy shall be implemented at the City's discretion, and is set forth only as a guideline; it may be waived at the City's discretion."

Whether or not an employee can claim a property interest in their employment is determined by reference to state law.  See Bishop v. Wood, 426 U.S. 341, 344-45 (1976).  "Maryland state law establishes as a general rule that state and local government employees are employed at will and have no property interest in their employment."  Bowers v. Town of Smithsburg, 990 F. Supp. 396, 398 (D. Md. 1997).  In exception to this general rule, "[a] property interest exists when one has a legitimate claim of entitlement to a right arising from . . . state statutes, local ordinances, and employment contracts."  Bunting v. City of Columbia, 639 F.2d 1090, 1093 (4th Cir. 1981).  A protected property interest is established by "a contract which provides

for continued employment, and which can be terminated only for good cause." Royster v. Board of Trustees, 774 F.2d 618, 620-21 (4th Cir. 1985).

"In Maryland, an employment contract of indefinite duration is considered employment 'at will' which, with few exceptions, may be terminated without cause by either party at any time." Castiglione v. Johns Hopkins Hosp., 69 Md. App. 325, 338 (1986). One exception to the employment at will doctrine is that an "employee handbook may, in some circumstances, become a unilateral contract." Elliott v. Bd. of Trustees of Montgomery County Cmty. Coll., 104 Md. App. 93, 100 (1995).[2] A disclaimer in the employee handbook may provide an exception to the above exception. In Castiglione, the court found that the disclaimer language in the employee handbook "expressly negated, in a clear and conspicuous manner, any contract based upon the handbook for a definite term and reserved the right to discharge its employees at any time. The provisions for review, when viewed in the larger context, were but 'general policy statements' not

_____

[2] In Staggs v. Blue Cross of Md., 61 Md. App. 381 (1985), cert. denied, 303 Md. 295 (1985), the Court of Special Appeals of Maryland adopted the Supreme Court of Michigan's decision in Toussaint v. Blue Cross & Blue Shield of Mich., 292 N.W.2d 880 (Mich. 1980). The Toussaint court stated, "[e]mployers are most assuredly free to enter into employment contracts terminable at will without assigning cause. We hold only that an employer's express agreement to terminate only for cause, or statements of company policy and procedure to that effect, can give rise to rights enforceable in contract."

amounting to an offer of employment for a definite term or requiring cause for dismissal." 69 Md. App. at 339-40.

In the present case, assuming that some language of the City Policies might imply that employees can only be terminated for cause, the presence of a disclaimer prevents the City Policies from becoming a unilateral contract.  Public employees who can be discharged only for cause have a constitutionally protected property interest in their employment and cannot be fired without due process.  Gilbert v. Homar, 520 U.S. 924, 928-29, (1997). Because Plaintiff has no such interest her due process claim must fail.

   C.  Substantive Due Process Claim

"To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that [s]he had a property interest/right in h[er] employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." Harrington v. Harris, 118 F.3d 359, 368 (5th Cir. 1997) (citing Moulton v. City of Beaumont, 991 F.2d 227, 230 (5th Cir. 1993)).

Plaintiff argues that she had a property interest in her employment and claims that her substantive due process rights were violated when she was allegedly terminated from her employment, without being given a cause for the termination. Opp'n 5, 12.  The claim fails for two reasons.  First, as

previously discussed, section 17 of the City Policies contains a disclaimer and does not require that Plaintiff be terminated only for cause.  Thus, it does not give rise to a property interest.[3]  Second, "substantive due process rights arise solely from the Constitution."  Haung v. Bd. of Governors of U.N.C., 902 F.2d 1134, 1142 n.10 (4th Cir. 1990).  If Plaintiff had a right to her job, it was created by state contract law and it does not implicate substantive due process.  Lewis v. Bd. of Educ., 292 F. Supp. 2d 608, 616 (D. Md. 2003) (dismissing substantive due process claim)); see also Demesme v. Montgomery County Gov't, 63 F. Supp. 2d 678, 682 (D. Md. 1999) (construing a substantive due process claim based on an alleged deprivation of a property interest in the plaintiff's employment as a procedural due process claim).  In Maryland Classified Employees Ass'n v. State, the Court of Appeals of Maryland addressed whether the plaintiffs' due process rights were violated where they argued that they had a property interest in their employment.  346 Md. 1, 23 (1997).  The court explained that while a property interest in employment may be protected under a procedural due process theory, the court had not recognized protection under a

---

[3] Plaintiff focuses her substantive due process argument on her claim that her termination was arbitrary and capricious. Opp'n 12-14.  Because the Court finds that Plaintiff did not have a property interest in her employment the Court need not evaluate the alleged arbitrary and capricious nature of her termination.

substantive due process theory.[4]  Id.  Thus, Plaintiff's argument

that she was denied substantive due process fails.

  D.  State Constitutional Claims

     Plaintiff also brings a free speech claim under state law.

"The freedoms protected by Article 40 of the Maryland Declaration

of Rights have been interpreted by [the Court of Appeals of

Maryland] to be co-extensive with the freedoms protected by the

First Amendment."  Jakanna Woodworks v. Montgomery County, 344

Md. 584, 595 (1997) (citing Freedman v. State, 233 Md. 498, 505

(1964), rev'd on other grounds, 380 U.S. 51 (1965)).  For the

same reasons that Plaintiff's free speech claim brought under the

federal Constitution fails, her free speech claim brought under

state law also fails.

_____

     [4] The court in Maryland Classified Employees Ass'n stated:

          Neither [Bd. of Regents v. Roth, 408 U.S. 564
          (1972)] nor [Perry v. Sindermann, 408 U.S. 593
          (1972)] nor any other Supreme Court case of
          which we are aware gives a State employee a
          lifetime Constitutional right to continued State
          employment, protected by a theory of substantive
          due process. Nor have we ever found such a right
          under Article 24 of the Maryland Declaration of
          Rights.  Roth and Sindermann merely hold that,
          when the attributes attendant to public
          employment under State law are such as to give
          the employee "a legitimate claim of entitlement"
          to the position, as . . . where dismissal may
          only be for cause, a property interest in that
          employment is created, and the right to
          procedural due process ordinarily requires the
          opportunity of a pre-termination hearing.

346 Md. at 23 (internal citations omitted).

In addition, Plaintiff brings a procedural due process claim and a substantive due process claim under Article 24 of the Maryland Declaration of Rights.  Because the Court is dismissing the federal due process claims and "because the Maryland Declaration of Rights stands in pari materia with the due process clause of the Fourteenth Amendment," the state claims will be dismissed as well.  <u>Lewis</u>, 262 F. Supp. 2d at 616 (citing <u>Robles v. Prince George's County</u>, 302 F.3d 262, 272 (4th Cir. 2002)).

### E.   42 § 1983 Claim

In Count VII, Plaintiff alleges a violation of 42 U.S.C. § 1983.  Compl. ¶ 33-36.  Defendants argue that Plaintiff's § 1983 claim must fail as an "independent, free-standing cause of action" and that "it merely serves as a vehicle for redressing violations of OTHER statutes and Constitutional provisions." Mem. 6.  The Court agrees and because none of Plaintiff's claims are viable, Count VII cannot stand alone.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss or, in the alternative, for summary judgment will be granted.  A separate order consistent with the reasoning of this Memorandum will follow.

_____/s/_____
William M. Nickerson
Senior United States District Judge

Dated: February 23, 2006

12